IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME GARCES, ID # 30804-077, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-0546-H (BH) |
| | ) | ECF |
| FEDERAL BUREAU OF PRISONS, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

In March 2006, petitioner, a prisoner incarcerated in the federal prison system, filed the instant petition for writ of mandamus pursuant to 28 U.S.C. § 1361. He therein seeks to compel respondent to perform its duty under 18 U.S.C. § 3624(b)(1) and 28 C.F.R. § 523.20 to grant him fifty-four days of good-time credit per year for his federal sentence. He argues that the United States District Court for the Southern District of Texas granted such time credit in *Moreland v. B.O.P.* (no citation given). The Court has not issued process in this case.

## II. NATURE OF ACTION

Petitioner brings this action as a writ of mandamus pursuant to 28 U.S.C. § 1361. That statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Despite petitioner's reliance on § 1361, the instant action is merely a claim for sentence credit to his federal sentence. Such a claim properly falls under 28 U.S.C. § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (stating that "[s]ection 2241 is correctly used to attack the manner in which a sentence is executed"); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

> The exclusive remedy for challenging the [Bureau of Prison's (BOP)] calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District Court wherein the petitioner is incarcerated, and naming the warden of the federal facility as a respondent.

*United States v. Smith*, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000); *accord*, *Leal v. Tombone*, 341 F.3d 427, 427-28 (5th Cir. 2003) (considering similar challenge in context of a § 2241 petition). "The proper remedy for a sentence-credit miscalculation by the BOP must be pursuant to § 2241, after exhaustion of administrative remedies within the BOP." *Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934, at *2 (N.D. Tex. June 3, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1368275 (N.D. Tex. June 16, 2004) *and aff'd*, 149 Fed. App'x 253 (5th Cir. Aug. 26, 2005). In view of the cited precedent, the Court construes the instant petition for writ of mandamus as a petition for writ of habeas corpus filed pursuant to § 2241.

### III. EXHAUSTION

Petitioner does not indicate whether he has exhausted his administrative remedies with respect to the calculation of his federal sentence. Although § 2241 petitioners must generally exhaust their administrative remedies before presenting their claims in federal court, *see Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994), "exhaustion is not a jurisdictional requirement in the context

2

of a § 2241 petition" and the federal courts may deny a "§ 2241 petition on the merits despite a lack of exhaustion", *Nichols v. Joslin*, No. 3:04-CV-0059-N, 2005 WL 1017833, at *2-3 (N.D. Tex. Mar. 25, 2005) (findings, conclusions, and recommendation) (citation omitted), *accepted by* 2005 WL 1017844 (N.D. Tex. Apr 28, 2005). Notwithstanding petitioner's failure to show that he has exhausted administrative remedies, the Court deems it appropriate to proceed to the merits of petitioner's time-credit claim.

### IV. HABEAS RELIEF

Although federal prisoners may challenge the calculation of good-time credits pursuant to 28 U.S.C. § 2241, the claim for time-credit raised by petitioner does not entitle him to habeas relief. In *Moreland v. Federal Bureau of Prisons*, 431 F.3d 180 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1906 (2006), the Fifth Circuit reversed a grant of time-credits on the very theory presented by petitioner herein. *See* 431 F.3d at 182-89. Such reversal comports with a prior determination in this district that federal prisoners are not entitled to federal habeas relief under § 2241 to obtain the requested time credits. *See, e.g.*, *Nichols v. Joslin*, No. 3:04-CV-0059-N, 2005 WL 1017833, at *4-5 (N.D. Tex. Mar. 25, 2005) (findings, conclusions, and recommendation), *accepted by* 2005 WL 1017844 (N.D. Tex. Apr 28, 2005). Based upon *Moreland*, petitioner is not entitled to the requested time credits, and is not entitled to habeas relief.[1]

---

[1] Because petitioner is not entitled to the time credits, respondent owes him no duty to grant them. Thus, the Court would have had no authority to grant the requested writ of mandamus had it considered this action under § 1361.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant petition that has been construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

**SIGNED this 14th day of November, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE